IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT TALOTTA : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| STATE FARM MUTUAL AUTOMOBILE : | |
| INSURANCE COMPANY : | No. 16-5557 |

**MEMORANDUM AND ORDER**

Ditter, J.                                                                                          December 5, 2016

Plaintiff filed a complaint against State Farm Mutual Automobile Insurance Company for recovery of uninsured motorist ("UM") benefits arising from an accident between Plaintiff's motorcycle and a car driven by an uninsured driver. In his complaint, Plaintiff set forth two counts, Count I for breach of contract and Count II for bad faith conduct in State Farm's handling of his claim. State Farm has filed a motion to dismiss Plaintiff's bad faith claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, I will dismiss Plaintiff's bad faith claim without prejudice.

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. I must accept as true the factual allegations contained in the complaint and all reasonable inferences drawn therefrom and view the facts in the

---

[1] Pennsylvania provides a statutory remedy for a bad faith failure to settle which permits an insured to recover interest, punitive damages, court costs, and attorneys' fees. *Jurinko v. Medical Protective Co.*, 305 Fed.Appx. 13, 21, 2008 WL 5378011, at *5 (3d Cir. 2008) (citing 42 Pa.Cons.Stat. § 8371).

light most favorable to the plaintiff. Federal Rule of Civil Procedure 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief;" however, the Supreme Court has stated that there must be "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I find the dismissal of Count II of Plaintiff's complaint is warranted because Plaintiff fails to set forth a factual basis for his allegations of bad faith.

In assessing the elements of a bad faith insurance claim, the Third Circuit has "adopted the test the Pennsylvania Superior Court enunciated in *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680 (Pa. Super. 1994), which requires a plaintiff, to recover under § 8371, to show by clear and convincing evidence that the insurer: (1) did not have a reasonable basis for denying benefits under the policy; and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim." *Jurinko v. Medical Protective Co.*, 305 Fed.Appx. 13, 21, 2008 WL 5378011, at *5 (3d Cir. 2008) (citations omitted).

In his complaint, Plaintiff asserts that State Farm acted in bad faith as follows:

a.   failure to properly investigate Plaintiff, Vincent Talotta's claim;
b.   failure to properly consider evidence supplied by Plaintiff, Vincent Talotta and his counsel in support of his claim;
c.   causing Plaintiff to suffer undue hardship as a result of reckless, wanton and arbitrary claims-handling practices;
d.   willfully neglecting to consider or process evidence in an effort to save from paying Plaintiff all of the benefits to which he was legally entitled;
e.   failing to timely respond to inquiries and correspondence;

  f.  making unreasonable offers of settlement of Plaintiff's claims;
  g.  adopting a company practice of intentionally undervaluing uninsured motorist claims and delaying paying said claims for an unreasonable period of time;
  h.  delaying and refusing to pay Plaintiff's claim despite having no medical or legal reason not to;
  I.  forcing Plaintiff to file suit to recover UM benefits owing to him;
  j.  misrepresenting facts and its evaluation of Plaintiff's claim;
  k.  failing to advise as to its basis for its offers;
  l.  failing to make reasonable and fair offers of settlement of Plaintiff's UM claim;
  m.  making representations that were unreasonable in light of the facts and circumstances surrounding Plaintiff's claims;
  n.  making offers of settlement that were unfair and unreasonable in light of the injuries and losses sustained by Plaintiff as a result of the accident;
  o.  breaching covenants of good faith and fair dealing;
  p.  failing to pay all sums of money owed to Plaintiff'
  q.  causing Plaintiff unnecessary and undue hardships;
  r.  engaging in unfair settlement negotiations with their insured;
  s.  committing various violations of Pennsylvania's Unfair Insurance Practices Act, 40 P.S. § 1171.1 *et seq.* and related regulations including but not limited to the Unfair Claim Settlement Practices regulations, 31 Pa. Code § 146.1 *et seq.*

  Plaintiff has not alleged sufficient or specific facts to support his claim that State Farm acted in bad faith in denying his bad faith claim. Indeed, he has not set forth any factual allegations to support his general legal claims. *See Eley v. State Farm Ins. Co.*, 2011 WL 294031 (E.D. Pa. Jan. 31, 2011); *Atiyeh v. National Fire Ins. Co. of Hartford*, 742 F. Supp.2d 591 (E.D. Pa. 2010). Consequently, Count II of Plaintiff's complaint is dismissed without prejudice.

  An appropriate order follows.